UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGENCY INSURANCE COMPANY OF MARYLAND,<br><br>                Plaintiff,<br><br>        v.<br><br>BK ENTERPRISE, INC. d/b/a<br>KB ENTERPRISE,<br><br>                Defendant. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

### **Introduction**

This action seeks Declaratory Judgment from this Honorable Court with respect to the rights and duties of Agency Insurance Company of Maryland and BK Enterprise, Inc. d/b/a KB Enterprise under a policy of automobile insurance issued by Agency Insurance Company of Maryland to BK Enterprise, Inc. d/b/a KB Enterprise on February 22, 2018.

### **I.**     **THE PARTIES**

1. Agency Insurance Company of Maryland (hereinafter "Plaintiff") is a company duly authorized to issue automobile insurance policies in the Commonwealth of Pennsylvania and is organized under the laws of the State of Maryland with its principal place of business located at 7450 Coca Cola Drive, Hanover, Maryland 21076.

2. Defendant, BK Enterprise, Inc. d/b/a KB Enterprise (hereinafter "Defendant") is a New York corporation with the provided address of 322 North Shore Drive, Building 1-B, 200-233, Pittsburgh, Pennsylvania, 15212.

## II. JURISDICTION

3. This matter is a Declaratory Judgment action pursuant to 28 U.S.C. § 2201 and 2202 based upon a contract of automobile insurance issued by Plaintiff to Defendant in Pittsburgh, Allegheny County, Pennsylvania for automobile coverage in the amount of $1 million combined single limit.

4. Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. 1332(a) since there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. An actual controversy of a justifiable nature exists between Plaintiff and Defendant involving the rights and obligations of the parties under the policy of insurance and dependent upon the construction of said contract of insurance, and the controversy may be determined by a judgment of this suit.

6. All other identifiable persons or entities who have or claim an interest in the matters in this controversy or who would be affected by the declarations made by this Court have been made a party to this action.

## III. FACTS

7. On February 22, 2018, Howard Thomson, the principal of the Defendant, signed an application for insurance for the purchase of a Pennsylvania commercial automobile insurance policy from Agency insuring a 1998 GMC W5500, VIN J8DF5A121W3701072. A true and correct copy of said application is attached hereto, made a part hereof, and marked as Exhibit "A".

8. At the time of the application, Howard Thomson represented to Plaintiff that Defendant was located in the Commonwealth of Pennsylvania with an address of 322 North Shore Drive, Building 1-B, 200-233, Pittsburgh, Pennsylvania 15212.

9. On February 22, 2018, Plaintiff, based upon the representation that the corporation was located in Pennsylvania, issued Pennsylvania Policy Number CA 0011979 to Defendant and established the insurance premiums based upon the risks of a Pennsylvania venued corporation with Pennsylvania licensed drivers.

10. The only driver that was listed on the application that would be driving the aforementioned vehicle was one Dennison Graham.

11. On or about March 26, 2018, Defendant presented a claim to Plaintiff under the Agency automobile insurance policy as a result of a motor vehicle-pedestrian accident that occurred on March 23, 2018 on Montrose Avenue in Brooklyn, New York.

12. At the time of the accident, one David Willis was operating the 1998 GMC W5500.

13. The pedestrian involved in the accident was one Damian Miranda Romaro.

14. Plaintiff issued a Pennsylvania policy of insurance to Defendant designated as Policy Number CA 0011979. The pertinent policy information and declarations page are attached hereto and made a part hereof and marked as Exhibit "B". The policy provided insurance coverage to Defendant on the 1998 GMC W5500, during an applicable policy period for one year beginning February 22, 2018.

15. On February 22, 2018, Defendant was not located in the Commonwealth of Pennsylvania.

16. On February 22, 2018, Defendant was instead located in the State of New York.

17. On February 22, 2018, Howard Thomson misrepresented the location of the business as 322 North Shore Drive, Building 1-B, 200-233, Pittsburgh, Pennsylvania 15212 to Plaintiff when he knew that the location of the business was instead in the State of New York.

18. On February 22, 2018, Defendant misrepresented that the only driver of the subject vehicle would be Dennison Graham when he knew that other drivers, including David Willis, would be driving the subject vehicle.

19. Plaintiff relied on Defendant's representation that the business was located in Pennsylvania when it issued the aforesaid policy of insurance.

20. Plaintiff relied on Defendant's representation that Dennison Graham, a licensed Pennsylvania driver, would be the only operator of the vehicle, when it issued the aforesaid policy of insurance.

21. Plaintiff contends Defendant, through its principal, made misrepresentations of material facts as to the location of the business, as well as the listed drivers of the subject vehicle, which were material to the acceptance of risk by the insurer, Plaintiff, Agency Insurance Company of Maryland.

22. The application signed at the time provided in relevant part:

> The insured declares that no persons other than those listed in this application regularly operate the vehicle(s) described in this application. The insured understands that the policy may be rescinded and declared void if this application contains any false information or if any information that would alter the company's exposure is omitted or misrepresented.

23. The Agency policy in effect at the time of the loss provided in relevant part under the "General Provisions" section of the policy:

> Nothing contained in this section will limit our right to void this policy for fraud, misrepresentation or concealment of any material fact by you, or anyone acting on your behalf.

4

> No person who engages in fraudulent conduct in connection with an accident or claim shall be entitled to receive any payment under this policy.
>
> We may deny coverage for an accident or loss if you or an insured has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim. If you have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim, we shall be entitled to reimbursement from you for all sums paid by us as a result of the accident or loss.

24. Plaintiff asserts that Defendant, through its principal, Howard Thomson, made false statements and misrepresentations with the intent to conceal the location of the business in New York, as well as the operation of the vehicle by David Willis, in connection with its claim for coverage for the loss of March 23, 2018.

25. Plaintiff, through letter dated April 19, 2018, notified Defendant, as well as its principal, Howard Thomson, of its decision to rescind the subject policy because of the concealment and misrepresentations of Defendant concerning the location of the business and the operators of the subject vehicle. A true and correct copy of said application is attached hereto, made a part hereof, and marked as Exhibit "B".

26. Plaintiff seeks a declaration from this Honorable Court to formalize its rescission remedy to allow a denial of the claim for the loss of March 23, 2018 because of the concealment and misrepresentations of Defendant concerning the location of the business and the operators of the subject vehicle.

**WHEREFORE**, Plaintiff, Agency Insurance Company of Maryland, respectfully requests that this Honorable Court enter an Order declaring the following:

- Agency Insurance Company of Maryland properly rescinded Policy No.

CA 0011979, and, therefore, has no duty or obligation pursuant to the policy to

provide any coverages under the policy to Defendant, BK Enterprise, Inc. d/b/a KB Enterprise, for any claims or coverages under the Pennsylvania policy for the loss of March 23, 2018.

Respectfully submitted,

**POST & SCHELL, P.C.**

**DATED:** May 11, 2018

**BY**: *s/* Paul W. Grego
Attorneys for Plaintiff
Paul W. Grego, Esquire
I.D. #: PA39701
1869 Charter Lane
P.O. Box 10248
Lancaster, PA  17605-0248
(717) 291-4532
(717) 291-1609 – Fax
pgrego@postschell.com